**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LATCHABLE, INC., LOCAL ENERGY
TECHNOLOGIES, LLC, LUKE SCHOENFELDER,
BRIAN JONES,

                              *Plaintiffs,*

          v.

BEN STEINER, LET INVESTORS GROUP, LLC,
NOAH SIEGEL, JONATHAN HIRSCH, NICHOLAS
HIRSCH, GERARD JEFFREY,

                              *Defendants.*

CIVIL ACTION NO.: 19-cv-7575 *(AT) (KNF)*

[PROPOSED] STIPULATED
PROTECTIVE ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/14/20

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms:

## 1.  DEFINITIONS

1.1.  Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

1.2.  "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) so designated by a Producing Party that it reasonably and in good faith believes is of the type protectable under Rule 26(c) of the Federal Rules of Civil Procedure, or is required to be kept Confidential by law or by agreement with a third party or otherwise.

1.3.  Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

1.4.  Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.5.  Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, testimony adduced at deposition upon oral examination or upon written questions, documents and things produced, information obtained from inspection of premises or things, information disclosed pursuant to a subpoena, or responses to discovery in this matter.

1.6.  Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action (whether testifying or not), (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2

1.7.　"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information

or Items: Material that contains competitive business, highly-sensitive personal, or financial information, the disclosure of which is likely to cause material harm to an individual or to the business or competitive position of the Designating Party.　HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information and items may include, but are not limited to, sensitive research materials, development materials and strategic plans, scientific research, customers, pricing and sales information, trade secrets, technical information, technical practices, methods, or other know-how; pending but unpublished patent applications, Board materials, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with third parties, market projections or forecasts, strategic business plans, selling or marketing strategies, new product development, testing, manufacturing costs, or information regarding employees.

1.8.　"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: "CONFIDENTIAL Information or Items" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information and Items" constituting source code.  Source code as used herein includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions.  Source code also includes source code files, which are text files containing source code.  Source code files include, but are not limited to, files containing source code written in "C," "C++," Objective-C, Java, assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages.  Source code files further include ".include files," "make" files, link files, header files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP. Non-human readable files, including but not limited to binary executable files, object code files,

compilers, and linkers, if produced, shall be afforded the same protection as the source code defined in this section. Material representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, shall also be afforded the same protection as the source code defined in this section.

1.9. In-House Counsel: Attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.10. Non-Party: Any natural person, partnership, corporation, association, or other legal entity not a Party to this action.

1.11. Outside Counsel: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or otherwise affiliated with a law firm that has been retained to represent or advise a Party.

1.12. Party: Any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staffs).

1.13. Producing Party: A Party or Non-Party that produces Discovery Material in this action.

1.14. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4

1.15. <u>Protected Material</u>: Any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.16. <u>Receiving Party</u>: A Party that receives Discovery Material from a Producing Party.

## 2. SCOPE

2.1. The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that the Receiving Party can show is lawfully in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information that the Receiving Party can show was known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; (c) information that the Receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the Designating Party's Protected Material; and (d) information that was submitted to a governmental entity without request for confidential treatment.

2.2. The restrictions on the use of Protected Material established by this Protective Order are applicable only to the use of information received by a Party from another Party or from a Non-party. A Party is free to use its own information as it pleases. In addition, any use of

Protected Material at trial shall be governed by a separate agreement and/or any applicable Court rules or orders.

## 3. DURATION

3.1. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 4. DESIGNATING PROTECTED MATERIAL

4.1. Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated by the Parties or Non-Parties, or ordered by the Court, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

> (a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material. With respect to documents containing Protected Material produced in Native Format the designating party shall include the appropriate confidentiality designation in the filename. Any correspondence transmitting Protected Material (*i.e.* production cover letters) should identify the confidentiality designation of any

6

material being transmitted or otherwise produced. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

(b) <u>For testimony given in deposition</u>, the transcript shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" automatically for a period of fourteen (14) days from receipt of the final transcripts. Within the fourteen (14) day period, the Designating Party shall specify the level of protection being asserted – *i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Counsel for any Party may also designate the level of protection being asserted during the deposition. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a fourteen (14) day period for designation shall be treated during that period as if it had been

designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated, within the fourteen (14) day period or on the record during the deposition.

(c) <u>For written discovery responses</u>, that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," to the cover page of the responses, select pages of the responses, or individual responses, as applicable.

(d) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," or otherwise inform the Receiving Party in writing of the designation either at the time of transfer or within thirty (30) days after the transfer of such information. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.2.    Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated as Protected Material or not, any information containing material that is protected by attorney-client privilege or otherwise immune from discovery. Each such redaction, regardless of size, shall be clearly labeled "REDACTED." Any document from which

information is redacted shall not be labeled or treated as Protected Discovery Material unless the unredacted portions are CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE information. This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

4.3. <u>Inadvertent Failures to Designate</u>. Inadvertent or unintentional production of documents, information, or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Producing Party that inadvertently or unintentionally produces Protected Material without designating it as Protected Material may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and immediately providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy or affix the appropriate designation to all copies (no matter the storage media) of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon within three (3) business days of the request for destruction. Also within three (3) business days of the request for destruction, the recipient(s) shall confirm in writing to the Producing Party that all copies (no matter the storage media) of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon were destroyed, or that appropriate designations were affixed thereto.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1. A Party may request in writing to the other Party or Non-Party that the designation given to any Protected Material be modified or withdrawn. If the designating Party or Non-Party does not agree to re-designation within seven (7) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the

burden shall be on the designating Party or Non-Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this case—*i.e.*, in prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Discovery Material designated "CONFIDENTIAL" may be disclosed only to:

> (a) the Receiving Party's Outside Counsel in this action, including local and trial counsel, as well as employees of said Outside Counsel and any of the following individuals, provided they do not have any involvement in addressing any matter regarding the substantive issues in the case: independent translators retained to translate in connection with this action, independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this

action, graphics, translation, or design vendors retained by Outside Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, and non-technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals agree to be bound by this Order;

(b) All parties who are natural persons and, for each entity party up to three (3) designated representatives of the Receiving Party who are responsible for supervising this action to the extent disclosure is reasonably necessary for the litigation of this action and provided that before access is given, each such designated representative has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c) Experts (as defined in this Order) of the Receiving Party and their professional staff, if the Expert (i) is engaged by Outside Counsel in this action, whether or not such Expert is paid directly by a Party, (ii) is not regularly employed by or associated with a Party, other than by the Designating Party, (iii) is reasonably necessary for this litigation, (iv) has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (v) is permitted to view such information after compliance with the procedures set forth in paragraph 6.4, below;

(d) the Court and its personnel, including its stenographic reporters;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, (i) any corporate representative designated to testify on behalf of the Designating Party on a particular topic pursuant to Fed. R. Civ. P. 30(b)(6) if the Protected Material to be disclosed pertains to that particular topic; or (ii) any witness who was the author or recipient of a document containing the Protected Material to be disclosed, was a custodian of that information, or otherwise possessed or knew that information; and

(g) any person currently employed by the Designating Party, subject to timely objections, including an objection that such person is not internally authorized to receive such information.

6.3.   Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Disclosure Material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to individuals listed in paragraphs 6.2(a), 6.2(c)-(g).   In addition, items designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed to individuals to whom 6.2(g) applies, but only to the extent reasonably necessary.

6.4.   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party at least five (5) days before access to the Protected Material is to be given to that expert (the "Notice Period") that (i) provides the expert's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) and current curriculum vitae; (ii) sets forth the full name of the Expert and the city and state of his or her primary residence, (iii) identifies the Expert's past and present employment, and/or consulting relationships for the last four (4) years, and (iv) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four (4) years. During the pendency of the Notice Period, no Protected Material shall be disclosed to an Expert, including that he or she shall not have access to the Source Code Computer.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless the Party receives a written objection from the Designating Party within the Notice Period. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within three (3) business days of the written objection. If no agreement is reached, the Party desiring disclosure of Protected Material to the Expert may file a motion with the Court within seven (7) days of the notice of objection, or within such other time as the

13

Parties may agree, seeking leave to make the proposed disclosure. The Party opposing disclosure to the Expert shall bear the burden of proving the need for a protective order. No disclosure should occur until all such objections are resolved by agreement or by Court order.

## 7.    SOURCE CODE

7.1.    Access to a Party's "HIGHLY CONFIDENTIAL – SOURCE CODE" material shall be provided only on a "stand-alone" computer(s) that is not linked to any network, including a local area network ("LAN"), an intranet, or the Internet with all ports, software and other avenues that could be used to copy or transfer data blocked or disabled ("Source Code Computer"). A Source Code Computer shall be located in a secure room in one of either the Boston, MA or New York, NY office of the Producing Party's outside counsel, to be mutually agreed upon, and at any another location the Parties mutually agree on. The Producing Party must provide those reviewing Discovery Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" with an opportunity to confer with one another confidentially during their review.

7.2.    The Source Code Computer shall include a Windows 10 operating system and include Windows Paint, Windows Snipping Tool, and Windows Explorer with filename and file contents searching enabled. The Source Code Computer shall include software necessary to: (a) view, search, and line-number source files; and (b) search for a given pattern of text through a number of files.

7.3.    The Receiving Party shall not have the right to, and agrees not to, copy, transmit, or duplicate HIGHLY CONFIDENTIAL – SOURCE CODE material in any manner, including scanning or otherwise creating an electronic image of such material, except as set forth herein.

7.4.     Each time a person accesses the Source Code Computer, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Source Code Computer including the name of the person accessing, the date and time in and out..

7.5.     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

7.6.     The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.

7.7.     The Receiving Party may make reasonable requests for software tools, including but not limited to, Microsoft Office (Word, Excel, PowerPoint, Visio), Microsoft Visual Studio Code Editor, OneNote, or Project, Effective File Search (freeware available at http://www.sowsoft.com/search.htm," WinZip (or any other appropriate software to open compressed files), and Adobe Reader, to be installed on the Source Code Computer, and those requests shall not be unreasonably denied by the Producing Party. The Receiving Party must provide the Producing Party with the CD or DVD containing any such tool(s)—or appropriate online location where such tool(s) can be downloaded from—at least five (5) days in advance of the date upon which the Receiving Party wishes to have the tool(s) available for use. The Receiving Party must obtain licensed copies of software tools to be installed on the Source Code Computer. The Producing Party will make a good-faith attempt to install them on the Source Code Computer. In no event shall the Receiving Party use any compilers, interpreters or simulators to build or run (in debug mode or otherwise) any code of Plaintiff Latchable, Inc. and Plaintiff Local Energy Technologies, LLC that is loaded onto the Source Code Computer. The Receiving Party is not allowed to install any software on the Source Code Computer. Although a Receiving Party

15

may request that additional software be installed on the Source Code Computer, the parties have agreed that Plaintiffs shall make a good-faith effort to install on the Source Code Computer the software tools listed in Exhibit B attached hereto. All such software shall be disabled following the Receiving Party's notification to the Producing Party that it will no longer need or make use of such software, provided a Producing Party is afforded the opportunity to inspect and analyze the operation of such software, e.g., to understand the bases for expert opinions a Receiving Party may offer based on inspections conducted with same.

     7.8.    No recording devices or recordable media will be permitted inside the source code review room, including without limitation: sound recorders; computers; personal digital assistants; cellular phones; peripheral equipment; cameras; CDs; DVDs; floppy drives, zip drives, thumb drives, or external drives of any kind; USB memory sticks; portable hard drives; and Ethernet or other cables that could be used to transfer data off of the Source Code Computer. Nor shall any non-electronic devices capable of similar functionality be permitted inside the source code review room. Notwithstanding the foregoing, a reviewer may use a laptop that will be provided by the Producing Party for the sole purpose of taking and/or reviewing notes. That computer shall not be connected to the Internet or any other network while in the source code room. Following any inspection, the Receiving Party may transfer any notes taken on the laptop provided by the Producing Party onto a removable storage medium, and then delete those notes from the Producing Party-provided laptop, provided the Receiving Party's notes do not, in any one instance, include more than three (3) consecutive lines of code (excluding comments). Any page of notes that includes, in any one instance, more than three (3) consecutive lines of code (excluding comments) shall apply against the 410-page limit on source code print-outs set out in Section 7.11 and must be designated as HIGHLY CONFIDENTIAL – SOURCE CODE material. All other pages of

notes must be designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY material, unless the Producing Party agrees in writing that another designation is appropriate. The Producing Party will not seek to recover nor will it review any such notes; however, all notes are subject to the provisions of Sections 7.21 and 13.

7.9. Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's outside counsel and/or Experts may remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party is not responsible for any items left in the room following each inspection session.

7.10. The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code. The Receiving Party's outside counsel and/or experts, however, may not copy portions of any source code (e.g., entire source code files or entire functions or methods where such functions or methods are longer than a few lines) into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer or other electronic device that is connected to any network.

7.11. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. No written or electronic record of the source code is permitted except as otherwise provided herein. The Producing Party shall provide to the Receiving Party three (3) copies on Bates-numbered paper, labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" within three (3) business days of the Receiving Party's designation of the portions of the source code to be printed if fewer than 25 total pages are requested or within seven (7) business days if a larger number of pages is requested. The Receiving Party shall not designate source code to be printed in order to review blocks of source code in the

first instance (*i.e.*, as an alternative to reviewing that Source Code electronically on the source code Computer).

The Receiving Party shall not be allowed to print any continuous portions of source code that results in more than 30 pages being printed (except where a routine or function is longer in length than 30 pages), and shall not be allowed to print more than an aggregate total of 410 pages of Source Code during the duration of the case, unless (i) it is reasonably necessary to prepare court filings, pleadings, contentions, expert reports or for expert review, or other papers, *and* (ii) the Receiving Party obtains the consent of the Producing Party, or, if not agreed to by the Producing Party, the Court's approval. To the extent that more than one of the Receiving Party's experts or outside counsel requests copies of the same pages printed within the 410 page limit, the 410 page limit is not implicated or affected by such additional copies of the same pages. In addition, to the extent the Receiving Party performs any code analysis on the Source Code Computer (including, without limitation, any automated code comparison analysis or screen shots using other software tools such as snipping tools etc. on the Source Code Computer), the Receiving Party may print out and retain reports or documents based on such code analyses, and such documents do not apply to the 410-page limit, provided that such analysis does not, in any one instance, include more than three (3) consecutive lines of code (excluding comments). Any page of analysis that includes, in any one instance, more than three (3) consecutive lines of code (excluding comments) shall apply against the 410-page limit and must be designated as HIGHLY CONFIDENTIAL – SOURCE CODE material. All other pages of analyses must be designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY material, unless the Producing Party agrees in writing that another designation is appropriate. The Producing Party shall not review or retain copies of the analyses described above.

7.12. The Producing Party may object to any request to deliver copies of printed source code exceeding the above-discussed page and copy limits. If such an objection cannot be resolved by mutual agreement within five (5) business days it shall be submitted to the Court for resolution. The burden shall be on the Receiving Party to demonstrate that additional pages or copies of source code print-outs above the page and copy limits are reasonably necessary for court filings, expert review or reports, or for use at depositions, trial, or other hearing testimony. Contested source code print-outs need not be produced to the Requesting Party until the matter is resolved by the Court, but the objecting Party will agree to a reasonably expedited briefing schedule for the motion.

7.13. The Receiving Party's outside counsel shall not make copies (additional, duplicate paper copies, or electronic copies) of the printed pages of source code, except as reasonably necessary to include portions of the source code in court filings, expert reports, or for use at depositions, trial, or other hearing testimony, and only if such documents are clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." Any additional, duplicate paper copies that are made are to be stored by outside counsel under the conditions set forth in paragraph 7.14 below. Each of these additional copies shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the Receiving Party shall maintain a log of all such copies, which it must produce to the Producing Party upon request. No other copies of source code shall be made unless otherwise allowed herein.

7.14. In addition to other reasonable steps to maintain the security and confidentiality of a Producing Party's source code, printed and electronic copies of source code maintained by a Receiving Party must be kept secure when not in use, under secure conditions that prevent access by anyone other than outside counsel and experts qualified for access. The Receiving Party may also temporarily keep the source code material at: (i) the Court for any proceedings(s) relating to

19

the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or copies (*e.g.*, a hotel prior to a Court proceeding or deposition), provided such printouts are stored in a secure manner (*e.g.*, a hotel safe).

7.15. The Receiving Party shall make reasonable efforts to restrict its requests for access to the Source Code Computer to normal business hours, which for purposes of this paragraph shall be 8:30 a.m. through 5:30 p.m. Monday through Friday, excluding Federal Holidays. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's source code material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

7.16. The Receiving Party must give at least five (5) days' notice to Counsel for the Producing Party that it will be sending individual(s) authorized to review the source code made available on the Source Code Computer for any initial reviews and five (5) days' notice for additional reviews of the same, previously inspected code.

7.17. Access to Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to Outside Counsel and up to three (3) Experts retained for the purpose of this litigation and approved to access such Protected Materials. Whenever copies or handwritten notes concerning Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" are made, the Receiving Party shall keep a log including (i) the custodian of each copy of such

Protected Materials; and (ii) the name of all persons accessing such materials. A Receiving Party may include excerpts of source code material in a pleading, court filing, exhibit, expert report, discovery document, deposition transcript, trial and hearing presentation, or other Court document if it is reasonably and in good faith believed to be necessary by the Receiving Party, provided that those documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal, to the extent permitted by the Court, in accordance with the Court's rules, practices, and orders.

7.18. To the extent portions of "HIGHLY CONFIDENTIAL – SOURCE CODE" are quoted in a document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted source code material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.19. The parties set out competing versions of this Section 7.19 below, but they do not seek a ruling on their respective positions at this time. Rather, without prejudice to (i) either party's ability to seek such a ruling in the future, (ii) Defendants, or (iii) Defendants' position, the parties agree that Plaintiffs' Position shall govern until a Court order instituting a different approach is issued.

PLAINTIFFS' POSITION

Except as provided in this order, and absent mutual agreement of the parties and express written permission from the Producing Party, a Receiving Party may not create electronic images, or any other images, or make electronic copies of source code material from any paper copy of the source code for use in any manner. For example, images or copies of the source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings, trial

21

exhibits, and other papers wherever possible. The Parties are not, however, restricted from using portions of source code in any pleadings, trial exhibits, or other papers where it is reasonably necessary.

## DEFENDANTS' POSITION

Except as provided in this order, and absent mutual agreement of the parties and express written permission from the Producing Party, a Receiving Party may not create electronic images, or any other images, or make electronic copies of source code material from any paper copy of the source code for use in any manner, **except that outside counsel and experts may scan such materials and keep it on their document management system**. For example, images or copies of the source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings, trial exhibits, and other papers wherever possible. The Parties are not, however, restricted from using portions of source code in any pleadings, trial exhibits, or other papers where it is reasonably necessary.

7.20. A Producing Party's source code material may only be transported or provided by the Receiving Party at the direction of a person authorized to review source code via hand carry or Federal Express (or other similarly reliable courier).

7.21. In addition to the provisions in Section 13 (FINAL DISPOSITION), below, within four weeks after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party must, if requested (a) return to the Producing Party, or certify the destruction of, all copies of the Producing Party's source code, and (b) certify destruction of any notes containing, showing, or quoting the source code. In addition, the Receiving Party shall make its best efforts to ensure that all persons to whom any copies of the source code were provided certify

22

in writing that all copies of the source code were returned to the counsel who provided them and that they will make no use of the source code in any future endeavor unless properly obtained in such endeavor. Such certifications may be provided collectively, and any collective certification must specify the individuals on whose behalf it is being provided. The certification must then be communicated to the Producing Party within said four weeks.

7.22. Access to and review of source code shall be strictly for the purpose of investigating claims and defenses at issue in this case. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing source code in this case or any other pending or future dispute, proceeding, patent prosecution, or litigation.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

24

9.3.    If the Non-Party fails to object or seek a protective order from this court within seven (7) days of receiving the notice and accompanying information, or any longer period required by an agreement with the Non-Party, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10.1.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) make best efforts to have such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR    OTHERWISE PROTECTED MATERIAL**

11.1.    Federal Rule of Evidence 502(d) shall apply to this case.

11.2.    The production or disclosure during discovery of an attorney-client privileged, attorney work product, or other protected document or information medium ("Privileged Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the Producing Party.  This non-waiver shall apply in this or any subsequent state or federal proceeding.  For example, the mere production of privileged or work-

product-protected information in this litigation as part of a production is not itself a waiver in this litigation or in any other federal or state proceeding. Further, neither the fact that information was produced nor the content of the information shall be used in any manner as evidence in support of any such alleged waiver.

11.3. If any Party or Non-Party becomes aware of the production of Privileged Material by any Party or Non-Party, the Party or Non-Party shall promptly provide written notice of such production. Within three (3) business days of receipt of such notice, all Receiving Parties of the Privileged Material shall return such Privileged Material (including hard copies and electronic copies) to the Producing Party or provide signed verification to the Producing Party that all such Privileged Material and copies thereof have been destroyed. Additionally, within three (3) business days of receipt of such notice, all Receiving Parties shall destroy or redact any notes or summaries referring to or reflecting the Privileged Material, and any other materials made with impressions of such Privileged Material. Within one (1) day of destroying, redacting, or returning all Privileged Materials, the Receiving Parties of the Privileged Material shall provide written confirmation to the Producing Party that it has complied with these obligations. After the return, redaction, or destruction of Privileged Material, a Receiving Party may challenge the Producing Party's claim(s) of privilege or immunity by making an application to the Court.

11.4. If the Receiving Party disputes the protected nature of the Protected Material, then the Receiving Party shall so notify the producing party in writing at the time the documents, information, and materials are destroyed or returned to the producing party, or within a reasonable time thereafter. If the dispute cannot be resolved after conferring in good faith with the Producing Party, the recipient may promptly file a motion with the Court to compel production of such documents, information, and materials. The Producing Party shall have the burden of

demonstrating the protected nature of the Privileged Material. The Producing Party must retain the information until the claim is resolved.

## 12. MISCELLANEOUS

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party seeking to file under seal any Protected Material must do so in accordance with the Court's rules, practices, and orders.

## 13. FINAL DISPOSITION

13.1. Within sixty (60) days after the final disposition of this action, each Receiving Party must return all Protected Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" and any copies of such material to the Producing Party or counsel of record shall certify in writing that such material has been destroyed. This shall not require the return or destruction of Protected Material that (i) is stored on backup storage media that is overwritten in the normal course of business, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal-hold obligations. As used in this subdivision,

"all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

13.2. Notwithstanding Sections 7.21 and 13.1, Outside Counsel are entitled to retain their correspondence, and an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

13.3. This Order shall survive termination of this action with respect to any retained materials. Any such materials, including archival copies, that contain or constitute Protected Material remain subject to this Protective Order.

28

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

 */s/ Christopher W. Henry*
Maximilian A. Grant
Stephen D. O'Donohue
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
max.grant@lw.com
stephen.odonohue@lw.com

Christopher Henry (pro hac vice)
LATHAM & WATKINS LLP
200 Clarendon Street, Floor 27
Boston, MA 02116
Tel: (617) 948-6000
christopher.henry@lw.com

*Attorneys for Plaintiffs*

 */s/ Richard E. Rosberger*
Richard E. Rosberger
Rottenberg Lipman Rich, P.C.
The Helmsley Building
230 Park Avenue, 18th Floor
New York, New York 10169
(212) 661-3080
rrosberger@rlrpclaw.com

*Attorney for Defendants*

**PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.**

DATED: 2/14/20          *Kevin Nathaniel Fox*

Hon. Kevin N. Fox
United States Magistrate Judge

29

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [PRINT FULL NAME], of

_____ [PRINT FULL

ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Southern

District of New York on _____ [DATE] in the case of *Latchable, Inc. v. Steiner*, 1:19-cv-

7575. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not use or disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

At the termination of this action or at any other time requested by counsel of record in this

action, I will return to counsel of record in this action all documents and other materials they

provide to me, including notes, computer data, summaries, abstracts, or any other materials

including or reflecting Protected Material which has come into my possession, and will return all

documents or things I have prepared relating to or reflecting such information.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

My present employer is _____ [PRINT FULL NAME]

of _____ [PRINT

FULL ADDRESS]. My present occupation or job description is

_____.

    I hereby appoint _____ [PRINT FULL NAME] of

_____ [PRINT ADDRESS

AND TELEPHONE NUMBER] as my agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**EXHIBIT B**

<u>SOFTWARE TO BE INSTALLED ON SOURCE CODE COMPUTER</u>[1]

- Operating System: Windows 10 Version 1909 Enterprise (or Professional) –
- Microsoft VS Code Editor
  - Extensions:
    - Anaconda Extension Pack
    - C/C++ Intellisense
    - C#
    - Excel Viewer
    - JSON to CSV
    - Log viewer
    - Markdown PDF
    - Powershell
    - Python
    - RTF Support
    - SandDance
    - Vscode-pdf
    - YAML support
  - Extensions specific to the source code control system(s) on the machine
    - Example: git blame, git history, git project manager, git lens (if using GIT for example)
  - Extensions for any language(s) present on the machine, for example:
    - Assembler
    - Java
    - Haskell
    - OCaml
    - F#
    - Prolog
    - PL/1
    - Etc.
- Notepad++
- Adobe Acrobat Reader
- Anaconda 3 (https://www.anaconda.com/distribution/ - Python 3.7 version)
- Microsoft Office (Word and Excel) –
- Git for Windows.
- Windows Features:
  - Accessibility
    - Windows Magnifier

---

[1] Plaintiffs' agreed to make a good-faith effort to install the software listed in this Exhibit (i) in the spirit of compromise and (ii) only because Defendants and their consultants' expressly represented and agreed that they will not, under any circumstances, use compilers, interpreters, or simulators to build or run (in debug mode or otherwise) any code of Plaintiff Latchable, Inc. and Plaintiff Local Energy Technologies, LLC, in accordance with Section 7.7 of the Protective Order.

- Windows High Contrast Display Theme
  - Windows Subsystem for Linux (WSL)
    - Ubuntu WSL distribution installed (free from Microsoft Store)
- MossPlus (a code comparison tool)